J-S31019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA
                                                   :

            v.                          :

RODNEY WELLS                   :

             Appellant        :    No. 3137 EDA 2022

Appeal from the PCRA Order Entered November 9, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0734932-1985

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:           **FILED NOVEMBER 02, 2023**

Appellant, Rodney Wells, appeals *pro se* from the November 9, 2022 order entered in the Court of Common Pleas of Philadelphia County, denying his "Motion for Correction of the Record." Following review, we affirm.

On May 3, 1998, a jury convicted Appellant of murder and related offenses at Docket Number CP-51-CR-0734932-1985 in the First Judicial District of Pennsylvania (Philadelphia County). He was subsequently sentenced to life in prison. After exhausting his remedies on direct appeal, Appellant sought collateral relief from his judgment of sentence pursuant to the Post Conviction Relief Act ("PCRA").[1] Most recently, on November 10, 2021, Appellant filed a *pro se* fifth PCRA petition. By order entered August 5,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

2022, the PCRA court dismissed the petition. On August 15, 2022, Appellant filed a *pro se* appeal to this Court from the August 5, 2022 order. That appeal is docketed at No. 2113 EDA 2022.[2]

On November 1, 2022, Appellant filed a "Motion for Correction of the Record," asking the PCRA court to "correct" the caption of the petition the court had dismissed on August 5, 2022. As the PCRA court noted, "The 'correction' sought by [Appellant] is to add an additional docket number (CP-51-CR-0119461-1985) to the docket number that was the subject of the Habeas Petition (CP-51-CR-0734932-1985)." PCRA Court Opinion, 1/13/23, at 1. "The docket number for the additional case pertains to [Appellant's] conviction on September 3, 1986, for a different murder[.]" *Id.* at 2. Appellant's motion asked the PCRA court "to transmit to the Superior Court documents and grand jury materials pertaining to the additional case." *Id.* at 1. As the PCRA court observed, the docket number for the 1986 case "appears nowhere in the [PCRA petition] and pertains to an entirely different matter." *Id.*

On November 9, 2022, the PCRA court issued an order denying Appellant's motion. In its order, the court mentioned its dismissal of Appellant's fifth PCRA petition and Appellant's appeal from that dismissal.

---

[2] Although Appellant titled his November 10, 2021 petition, "Writ of Habeas Corpus ad Subjiciendum," the PCRA court properly treated the petition as a PCRA petition.

Order, 11/9/22, at 1. The court explained that, in light of the pending appeal, "the court is without jurisdiction to grant [Appellant] the relief he requests." *Id.* (citing *Commonwealth v. Smith*, 244 A.3d 13, 17 (Pa. 2020) ("Once an appeal is filed a trial court has no jurisdiction to proceed further in the [PCRA] matter")). *See also*, Pa.R.A.P. 1701(a) (**General rule.**--Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.)

Appellant filed a timely appeal from the court's November 9, 2022 order. He presents one issue for our consideration:

1. **WHETHER** the PCRA Court dismissal of the Appellant's MOTION FOR CORRECTION OF THE RECORD is supported by the evidence of record and free of legal error?

Appellant's Brief at 3 (verbatim).

Appellant's brief includes an "Argument" section that spans just over one page and is nothing more than the procedural history relating to Appellant's fifth PCRA petition and an assertion that he has preserved issues at the docket numbers for both of his murder convictions. Appellant does not cite any legal authority for granting his "motion for correction of the record" and appears not to understand that his pending appeal from the denial of his fifth PCRA petition stripped the PCRA court of jurisdiction to entertain his motion.

The Commonwealth also notes the absence of any argument in Appellant's brief but further observes that the rule upon which Appellant relied in his motion, Pa.R.A.P. 1926 (Correction or Modification of the Record), "does not permit the expansion of the record[.]"  Commonwealth Brief at 8.  Therefore, "the trial court had no jurisdiction to add an additional case [that] it did not consider in the initial PCRA petition."  Commonwealth Brief at 8.

As the trial court correctly recognized,

> Rule 1926 is a means to correct clerical errors by supplementing the record with documents that should have been certified for appellate review but were mistakenly omitted.  ***Commonwealth v. Luckett***, 2021 WL 3088758, at *3, n.8 (Pa. Super. 2021) (unpublished memorandum).[3]  Rule 1926 may not be used to expand the record through the addition of new documents.  ***Id.***

PCRA Court Opinion, 1/13/23, at 3.  Moreover,

> [t]he court's order denying the motion stated that the court was without jurisdiction to grant the relief requested due to the pendency of the appeal from the order dismissing the [fifth PCRA] petition.  The court was empowered to correct the record under Pa.R.A.P. 1926(b) notwithstanding a pending appeal.  However, as stated [above], Rule 1926(b) did not authorize the relief requested in the motion.

***Id.*** at 4 n.4 (unnecessary capitalization omitted).

We agree with the PCRA court's determination that it lacked jurisdiction to grant relief.  Further, to the extent Rule 1926 authorizes correction of the record, it did not authorize the relief requested.

---

[3] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed After May 1, 2019, may be cited for their persuasive value).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023